IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAURICE JOHNSON,                )
                                )
        Petitioner,              )
                                )
    v.                          )    No. 10 C 1373
                                )
DONALD GAETZ,                   )
                                )
        Respondent.              )
                                )

**MEMORANDUM OPINION AND ORDER**

Petitioner Maurice Johnson ("Johnson") has brought a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. For the following reasons, Johnson's petition is denied.

I.

In 2003, following a jury trial, Johnson was convicted of first degree murder and was sentenced to eighty years of imprisonment. On direct appeal, Johnson raised one claim - that the court erred in requiring him to wear an electronic stun belt during trial. The appellate court rejected Johnson's argument and affirmed his conviction and sentence. This same claim was presented to the Illinois Supreme Court in Johnson's petition for leave to appeal ("PLA"), but his PLA was denied.

On February 22, 2007, Johnson filed a *pro se* post-conviction petition, raising a litany of claims. But on March 28, 2007, the trial court dismissed the petition as frivolous and patently without merit. On appeal, Johnson's appointed counsel chose to

pursue only one claim. She argued that Johnson was denied his constitutional right to a jury drawn from a fair cross-section of the community. Johnson also filed a motion requesting leave to file a *pro se* supplemental brief on appeal, but did not submit a brief with the motion. The anticipated brief would have raised a number of the same claims included in the underlying post-conviction petition, but not raised in Johnson's counseled brief. The State objected to the motion, arguing that Johnson was not entitled to hybrid representation and that he could not file a *pro se* brief while represented by counsel. The appellate court denied Johnson's motion, but did not provide a basis for that denial in its order. (Ex. P.)

Months later, the appellate court affirmed the post-conviction trial court's judgment, finding that Johnson's claim was not adequately supported by affidavits or other documentation. (Ex. Q.) Johnson filed a *pro se* PLA, which was denied. The PLA raised two claims, namely, that Johnson was denied his constitutional right to a jury drawn from a fair cross-section of the community, and the post-conviction trial court erred in employing the "sufficient facts" test rather than the "gist" test when summarily dismissing his post-conviction petition. (Ex. R.)

In his habeas petition, Johnson raises the following issues:

(1) petitioner was not proven guilty beyond a reasonable doubt;

(2) petitioner's Fourth Amendment right to be free of unreasonable searches and seizures was violated;

(3) petitioner's constitutional rights were violated when he was forced to wear an electric stun belt during trial;

(4) trial counsel was ineffective for failing to object to the requirement that petitioner wear an electric stun belt during trial;

(5) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence concerning an informant who provided information used to arrest petitioner;

(6) petitioner's Confrontation Clause rights were violated when he was prevented from cross-examining a detective about information he received from an informant;

(7) the prosecuting attorney mis-stated material facts in closing argument in an attempt to arouse the prejudice and passions of the jury;

(8) petitioner was denied his constitutional right to a jury drawn from a fair cross-section of the community;

(9) appellate counsel was ineffective for failing to raise meritorious issues on direct appeal;

(10) petitioner's sentence is disproportionate to other sentences for the same conduct;

(11) petitioner received multiple sentences for committing a single act when the trial court enhanced his sentence; and

(12) petitioner's sentence was enhanced based on a statute that was ruled unconstitutional and not in existence at the time petitioner's crime was committed.[1]

II.

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L.Ed.2d 481

---

[1] Johnson also filed a motion for leave to file a successive post-conviction petition, which was denied and is currently on appeal. The parties agree that neither of the claims at issue in the successive post-conviction petition are relevant here because they are not raised in Johnson's habeas petition.

(1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In addition to this deferential standard, a federal court may generally grant a petition for a writ of habeas corpus only where "the applicant has exhausted the remedies available in the courts of the State" and where the applicant has not procedurally defaulted his claims. 28 U.S.C. § 2254(b)(1)(A); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). These limitations are intended to allow state courts a fair opportunity to hear and act on a petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

Procedural default may occur where the petitioner did not comply with state procedural requirements during his appeals in

state court such that the state court found those failures to be an "independent and adequate" state law ground for denying his claim. *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). When a state court relies on a state procedural ground to avoid reaching the merits of a petitioner's claim, that ground must be clearly and expressly relied upon and must be firmly established and regularly followed. *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000).

Further, to avoid procedural default, a petitioner must at a minimum, "invok[e] one complete round of the State's established appellate review process" for each of his claims. *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. 1728. In Illinois, this means one full round of appeals up to and including the filing of a petition for leave to appeal to the Illinois Supreme Court. *Id*. at 845-46, 119 S.Ct. 1728; *see also Lewis*, 390 F.3d at 1025 (requiring a claim to be raised through one full round of appeals, either on direct appeal of the petitioner's conviction or through post-conviction proceedings, to avoid procedural default).

### III.

Respondent argues that Johnson's petition must be dismissed because all of his claims are procedurally defaulted either because they were not fairly presented through one complete round of review in state court or because they were decided on independent and adequate state procedural grounds, save claim three, which respondent contends is meritless. For the following reasons, I

agree with respondent and dismiss Johnson's petition.

First, the parties agree that claim seven was not presented at the first level of direct or post-conviction review in state court, but was only raised in Johnson's motion for a new trial. And despite Johnson's arguments to the contrary, claim five (alleging a *Brady* violation) was first raised in Johnson's habeas petition.[2] Because claims five and seven did not complete a full round of state court review, they are procedurally defaulted.

Next, to the extent claims one, two, four, six, nine, ten, eleven, and twelve were presented in Johnson's initial post-conviction petition, they were defaulted when Johnson failed to fairly present them to the state appellate court. Johnson contends the core issues at the heart of each claim were listed in his petition for leave to file a *pro se* supplemental brief, and that this listing sufficiently presents his claims because they were previously argued and supported in his post-conviction petition. I disagree. In order to give the appellate court a meaningful opportunity to pass on the substance of his claims, Johnson was required to present the operative facts and controlling law for each claim to the appellate court in his filings. *See Sturgeon v. Chandler*, 552 F.3d 604, 610 (7th Cir. 2009)(explaining that "[t]he argument must be placed in the petitioner's brief to the court; the 'requirement is not met if a judge must go outside the four corners

---

[2] Johnson's post-conviction petition alleges error by the court for not compelling the State to identify its confidential informant, and for denying Johnson's motion for sanction and for a new trial on the informant issue – not a *Brady* violation.

of the document in order to understand the contention's nature and basis.'")(citations omitted); *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001)("a mere passing reference to a constitutional issue certainly does not suffice" for fair presentment). The claims are defaulted.

Claim eight, raising the issue of Johnson's right to a jury drawn from a fair cross-section of the community, is defaulted for a different reason. It was presented to the state courts, but was rejected on independent and adequate state grounds; the state appellate court expressly found that his claim was not properly supported by "affidavits, records, or other evidence," as required by state law and relied only on that procedural failure in affirming the trial court's decision. *Holmes v. Hardy*, 608 F.3d 963, 967 (7th Cir. 2010)(where state court's ruling on procedural violation was the primary basis for its decision, district court correctly found petitioner's claim procedurally defaulted).

Finally, with respect to claim three, Johnson argues that his constitutional rights were violated when he was forced to wear an electronic stun belt during trial. In his petition, Johnson states the stun belt was visible to the jury, despite a specific trial court finding that it was not visible. The trial court's finding is presumed correct on federal habeas review absent clear and convincing evidence to the contrary, which Johnson fails to provide. *See* 28 U.S.C. § 2254(e)(1). Accepting that the belt was not visible to the jury, I cannot say the state appellate court's

decision to affirm on this issue was contrary to any clearly established federal law, because there is no clearly established federal law regulating the use of restraints that are not visible to a jury. *Cf. Deck v. Missouri*, 544 U.S. 622, 629 (2005)(holding "use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial" violates due process).

Furthermore, Johnson's claim fails even under the standard for visible restraints, which the state courts also considered. First, Johnson did not object to the belt until after he was convicted, at which time the trial court held a *Boose* hearing,[3] considered the appropriate factors, and found use of the stun belt was necessary and appropriate. *See People v. Allen*, 856 N.E.2d 349, (Ill. 2006)(explaining that *Boose* hearing held after trial when defendant did not object before trial is not plain error). In upholding the trial court's decision on direct appeal, the state appellate court reiterated that the stun belt was concealed on Johnson's body and relied on the following findings of fact:

---

[3] On the issue of justifiable restraint, Illinois courts consider the following factors: the seriousness of the present offense; defendant's temperament and character; defendant's age and physical characteristics; defendant's past criminal record; any previous escapes or attempted escapes; defendant's threats to harm others or create a disturbance; defendant's self-destructive tendencies; risk of mob violence or attempted revenge by others; the possibility of attempts to rescue the defendant; the size and mood of the audience; the nature and physical security of the courtroom; and the availability of alternative remedies. *People v. Boose*, 362 N.E.2d 303, 305-6 (Ill. 1977)(listing factors).

> ...defendant was charged with first degree murder; his criminal record included delinquency adjudications as well as adult convictions for driving while license suspended, aggravated battery with a firearm, resisting a peace officer, and escape (failing to return from a furlough); defendant was in his early twenties, over six feet tall, and well built (200 pounds); there were three doors to the courtroom, and a civilian hallway was just 40 feet from the bench where defendant sat; the courtroom had only one unarmed bailiff and one armed deputy; during arraignment, the court had to instruct defendant to be quiet in the courtroom; things got somewhat 'heated' between defendant and his attorney, with the attorney once asking to withdraw from the case; during jury selection there was an 'outburst' where several witnesses were threatened with contempt of court and jail time; defendant's brother attended the proceedings and swore at the judge, for which he received 30 days in jail for contempt; and many of the witnesses at trial had prior convictions for violent crimes. (Ans. Ex. A, 4-7.)

Johnson argues that the trial court's *Boose* findings were based on an unreasonable determination of the facts in that 1) Johnson did not have any adult convictions for resisting a peace officer, 2) there is no support in the record for the trial court's finding that the judge had to instruct the defendant to be quiet, 3) Johnson's counsel requested withdrawal due to a disagreement on strategy and not because relations between Johnson and his counsel were "heated," 4) the "outburst" referenced in the finding had nothing to do with defendant, 5) Johnson's brother explained that he was not the one who swore at the judge, and did not serve any jail time for contempt, and 6) two State witnesses had violent criminal histories and one State witness was held in contempt.[4]

---

[4] In support of this argument Johnson cites to a few pages of the record that are not included with his brief and were not provided by respondent. For purposes of this decision, I assume the cited pages support Johnson's claims.

(Reply 18-19.) Even assuming Johnson is right about these errors, they do not provide a sufficient basis for granting the relief he requests.

Notably, Johnson does not dispute his prior convictions for driving with a suspended license, aggravated battery with a firearm, or failing to return from furlough, his physical size, the numerous exits available to him, or the nature and type of physical security in the courtroom. Further, the criminal histories and behavior of the State's witnesses and the court's findings as to an "outburst" and swearing, even if not attributable to Johnson, remain relevant considerations to several *Boose* factors (*e.g.*, attempted revenge by others, the size and mood of the audience). *Boose*, 362 N.E.2d at 305-6. Moreover, Johnson never explains how he was actually prejudiced at trial. He chose not to testify on his own behalf (and does not suggest that wearing the stun belt was a consideration in that decision), and there is also no indication that the belt inhibited his ability to communicate with his attorney or participate in his defense. (*See e.g.,* Reply 19.)(noting that Johnson instructed his counsel not to file a motion to suppress evidence because he felt it was meritless, but then agreed that counsel should argue the motion).

IV.

Federal courts may review defaulted claims only if: (1) the petitioner shows cause for failure to raise the claim, and actual prejudice resulting therefrom; or (2) refusal to consider the

defaulted claim would result in a fundamental miscarriage of justice, where a constitutional violation has resulted in the conviction of one who is actually innocent. *See Edwards v. Carpenter*, 529 U.S. 446, 120 S. Ct. 1587, 1591, 146 L.Ed.2d 518 (2000); *Rodriguez*, 193 F.3d at 917 (citing cases). The Supreme Court has defined cause sufficient to excuse procedural default as "some objective factor external to the defense" which precludes petitioner's ability to pursue his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L.Ed.2d 397 (1986).

Here, Johnson only argues that his claims are defaulted because trial and appellate counsel provided ineffective assistance. For ineffective assistance of counsel to serve as cause for a default, such a claim must have been independently presented to the state courts by the petitioner. *Dellinger v. Bowen*, 301 F.3d 758, 766-67 (7th Cir. 2002)(to rely on ineffective assistance as cause for procedural default, petitioner must properly raise independent claim for ineffective assistance in state court). Johnson cannot establish cause for his default because his ineffective assistance of counsel claims are procedurally defaulted. Since cause for the procedural default has not been established, I need not address prejudice. *Id*.

Without cause, a "defaulted claim is reviewable only where a refusal to consider it would result in a fundamental miscarriage of justice." *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). This relief is limited to situations where the

constitutional violation has probably resulted in a conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). To show "actual innocence," Johnson must present clear and convincing evidence that no reasonable juror would have convicted him if not for the alleged violation. *Id*. No such evidence is presented. Thus, Johnson fails to demonstrate that he fits within the "miscarriage of justice" exception necessary to overcome his procedural defaults.

V.

For the foregoing reasons, Johnson's habeas petition is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Date: September 22, 2010